## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

SHERRY SUGGS,

      Plaintiff,

v.                               Case No.:

LITTLEFIELD CORPORATION;
PENSACOLA ONE, INC.; AHM
SERVICES, INC., d/b/a AHM
MANAGEMENT; and RICHARD
BUNKLEY,

      Defendants.

_____/

## INITIAL COMPLAINT

COMES NOW the plaintiff, Sherry Suggs, by and through her undersigned counsel, and hereby files this Initial Complaint against defendants, Littlefield Corporation; Pensacola One, Inc.; AHM Services, Inc., d/b/a AHM Management; and Richard Bunkley, and alleges:

### I.  *Jurisdiction and Venue*

1.    This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Fair Labor Standards Act (FLSA), codified at 29 U.S.C. § 201, *et seq.*

2.    Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) and (c) because the claims arose in this district; defendants have an office and operate

in this district; plaintiff was employed, previously paid, and worked in this district; all causes of action accrued in this district; and defendants are subject to personal jurisdiction in this district.

## II. Parties

3.      At all times relevant hereto, plaintiff, Sherry Suggs, worked at a bingo establishment known as Town & Country Bingo which was owned, operated, and/or controlled by one or more of the defendants.

4.      At times relevant hereto, defendant Littlefield Corporation exercised control over Town & Country Bingo's operations and played a substantial role in determining the compensation of plaintiff in her employment.  It also employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that had moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

5.      Defendant Littlefield Corporation is subject to, and not exempt from, the provisions of the FLSA.

6.      At times relevant hereto, defendant Pensacola One, Inc. exercised control over Town & Country Bingo's operations and played a substantial role in determining the compensation of plaintiff in her employment.  It also employed

two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that had moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

7.     Defendant Pensacola One, Inc. is subject to, and not exempt from, the provisions of the FLSA.

8.     At times relevant hereto, defendant AHM Services, Inc d/b/a AHM Management (hereinafter "AHM") exercised control over Town & Country Bingo's operations and played a substantial role in determining the compensation of plaintiff in her employment.  It also employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that had moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

9.     Defendant AHM is subject to, and not exempt from, the provisions of the FLSA.

10.     Defendant Richard Bunkley was at times relevant hereto the chief operating officer, corporate officer, and/or manager of Littlefield Corporation; Pensacola One, Inc.; and AHM; exercised control over those entities' operations at Town & Country Bingo, and played a substantial role in determining the

compensation of plaintiff in her employment with those entities.  In those capacities, defendant Richard Bunkley employed two or more employees engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that had moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

11.     Defendant Richard Bunkley is subject to, and not exempt from, the provisions of the FLSA.

### III.  Factual Allegations

12.     Defendants owned and operated at least one bingo hall in Northwest Florida, which operated under the name Town & Country Bingo and was located at 3300 North Pace Boulevard, Pensacola, Florida.

13.     Plaintiff began working for defendants at Town & Country Bingo in or around 2008, having worked for the prior owner/operator of Town & Country Bingo for several years previously.  At all times pertinent hereto thereafter, she was jointly employed as an "employee" of defendants within the meaning of the FLSA, and the defendants were her "employers."

14.     Defendants Littlefield Corporation; Pensacola One, Inc.; AHM; and Richard Bunkley were at all times relevant hereto engaged in commercial activities and competed with other private businesses through their operation and control of

4

Town & Country Bingo.

15.     For the first several years of plaintiff's employment with defendants, plaintiff received wages for her labor.

16.     Shortly before May 1, 2018, however, defendant Richard Bunkley advised employees, including plaintiff, that they would no longer be paid for any of the hours that they worked; instead, the only compensation they would receive would be in the form of tips received from patrons.  Consequently, on and after May 1, 2018, plaintiff was paid no wages for her labor at Town & Country Bingo, despite the fact that defendants were her employers.

17.     Additionally, when plaintiff worked in excess of 40 hours in a workweek she was not paid overtime compensation.

18.     At all times relevant hereto, Town & Country Bingo, as operated and controlled by defendants, sold and hosted games of chance, participated in the gambling and/or entertainment sectors of the economy, and otherwise engaged in commercial activities and competed with other private businesses.

19.     Plaintiff's employment with defendants at Town & Country Bingo ended on or about March 20, 2022.

20.     Upon information and belief, defendants failed to keep and preserve records of those employed by them and the wages, hours, and other conditions and

practices of employment as required by 29 U.S.C. § 211(c).

### IV.  Count I -- Violation of Fair Labor Standards Act
### (Minimum Wages)

21.    Plaintiff realleges and incorporates herein paragraphs 1 through 20, above.

22.    Defendants are subject to, and not exempt from, the provisions of the FLSA.

23.    Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay plaintiff the required minimum wages.

24.    Nevertheless, defendants failed to compensate her at the legally required wage at all times relevant hereto.

25.    Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

26.    As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for her labor at the legally required rate.

27.    Moreover, plaintiff has had to retain an attorney in order to collect the legally required minimum wages owed to her by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid minimum wages due; an additional equal amount as liquidated damages;

interest, including pre-judgment interest; costs; attorneys' fees; and any other relief to which she may be entitled.

## V. Count II -- Violation of Fair Labor Standards Act
### (Overtime Compensation)

28.     Plaintiff realleges and incorporates herein paragraphs 1 through 20, above.

29.     Defendants are subject to, and not exempt from, the provisions of the FLSA.

30.     Plaintiff was entitled to, and not exempt from, the protections and provisions of the FLSA.  Additionally, there were no exemptions under the FLSA which would be applicable to plaintiff.

31.     Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay overtime compensation for hours worked by plaintiff in excess of 40 hours in a workweek.

32.     Nevertheless, defendants willfully and intentionally failed and refused to properly compensate plaintiff and pay her overtime wages.  Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

33.     As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for her labor at the legally required rate.

7

34.     Moreover, plaintiff has had to retain an attorney in order to collect the overtime wages owed to her by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid overtime compensation; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief to which she may be entitled.

***Plaintiff demands a jury trial on all issues contained in this Initial Complaint which are so triable.***

Respectfully submitted,

s/Bradley S. Odom
Bradley S. Odom, Esq.
Florida Bar Number:  932868
Richard D. Barlow, Esq.
Florida Bar Number:  0425176
ODOM & BARLOW, P.A.
1800 North "E" Street
Pensacola, Florida 32501
(850) 434-3527
email@odombarlow.com
Attorneys for Plaintiff